IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CR-00126-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN OMAR IRIZARRY VEGA,

    Defendant.

ORDER

This order memorializes the courts' findings and directions from the May 19, 2026, Motion Hearing. DE 168. The court heard from Defendant and his attorney, H.P. Williams, regarding Defendant's concerns. In short, Defendant—cognizant of the general requirement that arguments must be presented and addressed by the trial court to be preserved for appeal—has a series of arguments which he would like made. Mr. Williams has thus far refused to file those motions out of respect for his own professional obligations. *See* N.C. R. Pro. Conduct r. 3.1. However, beyond a desire to preserve certain arguments for appellate review, Defendant did not wish to proceed *pro se*. To allow Defendant both to preserve his record for appeal and receive the fair trial and defense assured by the representation of competent counsel, the court has fashioned a compromise. *See Anders v. California*, 386 U.S. 738, 744 (1967) ("The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.").

On or before June 22, 2026, Mr. Williams shall prepare and file an Omnibus Preservation Motion. That Motion shall present each of the arguments Defendant wishes to preserve regarding the legality of his prosecution. The court finds that Mr. Williams' preparation of the motion will

be in keeping with his professional obligations.  Upon review of the motion, the court will permit the United States to respond and rule on each of Defendant's arguments.

To allow for this new motions period, Defendant's trial, currently set to begin July 14, 2026, is VACATED.  Upon conclusion of that motions period, the court will reset this matter for trial.  The court has thus granted Defendant's request to continue the trial and determined that the ends of justice served by granting the request outweigh the best interests of the public and Defendant in a speedy trial.  Any delay occasioned by continuing the trial shall therefore be excluded in computing Defendant's speedy-trial time.  *See* 18 U.S.C. § 3161(h)(7).

SO ORDERED this ___20th___ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2